IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Donna L. McKie, ) | C.A. No. 3:05-2654-CMC-JRM |
| ) | |
| Plaintiff, ) | |
| ) | OPINION AND ORDER |
| ) | ON MOTION FOR |
| ) | SUMMARY JUDGMENT |
| Wachovia Corporation, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court for review of the Report and Recommendation ("Report") entered on October 2, 2006. For the reasons set forth below, the Report is adopted and Defendant's motion for summary judgment is granted in full.

**STANDARD**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

**FACTS**

The statement of Facts as set forth in the Report is adopted in full. Although Plaintiff's objections include numerous comments relating to the Statement of Facts as set forth in the Report, few if any challenge the substantive statements of fact.[1] In any case, Plaintiff has directed the court to no evidence which is contrary to the factual statement as set forth in the Report.

**DISCUSSION**

As Plaintiff makes clear in her objections to the Report, her complaint focuses on two events. First, she complains that Defendant failed to promptly transfer her to a different team in September 2003, when she complained that her immediate supervisor was treating her unfairly.[2] Second, she complains that Defendant did transfer her to a different team effective March 1, 2004.[3]

---

[1] For example, Plaintiff's objection includes a number of comments relating to the Report's reference to Defendant's "contentions." The relevant references are contained in footnotes in the Report and are neither necessary to nor part of the Statement of Facts. Thus, Plaintiff's comments do not raise questions as to accuracy of the Statement of Facts. Plaintiff also offers a number of explanations as to why she did or did not take certain actions as set forth in the Statement of Facts. She does not, however, challenge the accuracy of the Statement of Facts in setting forth what actions were or were not taken.

[2] While Plaintiff suggests that the unfair treatment was based on racial animus, she has presented no evidence to support such an inference.

[3] Plaintiff concedes that she is not claiming that she should have been promoted to a position ultimately filled by Bobbie Lowman (a white female). Rather, she references the Lowman promotion as evidence that their mutual managers bent one rule in favor of Lowman (relating to a time-in-current-position-pre-promotion), but would not bend another rule in favor of Plaintiff (limiting team transfers). The evidence does not, however, support the conclusion that Lowman was given any benefit not allowed by the ordinary rules relating to promotions. Neither does the evidence support the conclusion that the refusal to transfer Plaintiff in September 2003 was dissimilar treatment. In any case, Plaintiff's request to transfer to a different team was accommodated within a few months when a business justification for the transfer arose.

2

Plaintiff ultimately resigned from the latter position on July 26, 2004, after being out of work on sick, disability, or similar leave from April 15, 2004, to the date of her resignation. Plaintiff asserts that this resignation should be treated as a constructive discharge because her pre-resignation leave was precipitated by two forces: (1) the heavy workload in her new position; and (2) a less-than-superlative evaluation completed by her former supervisor shortly after Plaintiff was transferred to her new position.[4]

For reasons explained in the Report, Plaintiff has failed to present facts from which a reasonable fact finder could conclude that she has been subjected to disparate treatment, harassment, or constructive discharge in violation of Title VII of the Civil Rights Act of 1964. Nothing in Plaintiff's objections addresses any error in the Report which might lead to a different conclusion.

## CONCLUSION

For the reasons set forth above, the Report and Recommendation is adopted in full and Defendants' motion for summary judgment is granted.

IT IS SO ORDERED.

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
October 30, 2006

C:\temp\notesB0AA3C\05-2654 McKie v. Wachovia Corp -- adopt R&R.wpd

---

[4] Although Plaintiff was unhappy with certain aspects of this March 31, 2004, evaluation, the overall score reflected that she "Fully Meets Expectations" – a rating that would not result in any adverse consequences.

3